[Crim. No. 2870.   Second Appellate District, Division Two.—June 27, 1936.]

THE PEOPLE, Respondent, v. RALPH V. SAVAGE et al., Appellants.

Richard H. Cantillon for Appellants.

U. S. Webb, Attorney-General, for Respondent.

CRAIL, P. J.—The defendants were charged in an indictment with having feloniously asked and with having agreed to receive and with having received from Roy Weitzel and Gerald Rokes a bribe in the sum of $125 for the purpose of influencing their action in their official capacity as police officers in the city of Los Angeles with relation to the arrest and prosecution of the said Roy Weitzel and Gerald Rokes. The jury returned a verdict of guilty against both defendants but recommended that defendant Acker be granted clemency.

This appeal is taken from the judgment of conviction and the order denying a motion for a new trial.

Among other facts and circumstances in evidence it appears that on Armistice Day, 1935, several persons, known to the defendant Savage, were attempting to cash spurious checks, drawn on the Willys-Overland Automobile Company, in the district where the defendants had been assigned for duty. One of these persons was picked up by the defendant Acker and another by Police Officer Kinney at separate points and brought together. The suspects stated that the defendant Savage would vouch for them as being honest boys and requested the arresting officers to take them to Savage's home for such purpose. Prior to that date the suspects had entered into an arrangement with defendant Savage whereby, through the medium of his activities in their behalf, they were to obtain police protection for any of their criminal activities in the way of burglary, forgery and robbery committed in the district. They were taken to his home and Savage vouched for the boys and also told them it would cost them "$100 to square the beef". The suspects raised $75, which they gave to defendant Savage at the time, and he raised an additional $25. The suspects were thereupon dismissed and no police report of their arrest was made. About a half hour later defendant Acker handed to Officer Kinney $50 saying, "Here's a Christmas present for you." Subsequently the suspects met the defendant Savage in a cafe in Los Angeles and gave him an additional $50, stating that $25 was for the $25 which Savage had loaned them on the deal and $25 was for Savage's trouble.

█ . The appellants first contend that the trial court erred in denying the motion of defendant Acker for a separate trial based on the ground that he would be prejudiced on a joint trial by the reception of evidence which in a separate trial would probably not be admitted as against him but which was competent as against his codefendant Savage. This was a matter for the exercise of the court's sound discretion. We have read the record and we are not prepared to say that the court abused its discretion in this regard.

█ The next contention is that "the court erred in refusing the requests of the appellants for instructions to the jury on the unanimity of the finding upon the proposition of what phase or phases of section 68, Penal Code, if any, a

respective appellant offended against before reaching a verdict against such appellant". The defendants cite us to that portion of the record where they orally ask the court to submit to the jury a special verdict, but they do not cite us to any portion of the record in which they submitted to the court a specific instruction embodying the proposition. We have failed to find such requested instruction. It is not our duty to search in the dark for errors upon which to reverse the trial court. It is a sufficient answer to this contention to say that the defendants have failed to comply with section 3, rule VIII, of the Rules for the Supreme and District Courts of Appeal which provides, "If it be claimed that instructions requested were erroneously refused, the refused instructions must be printed in full in appellant's brief, and all instructions given, bearing upon the subjects covered by the refused instruction, must be printed in appellant's brief in full, or the substance thereof clearly stated, with citation to the line and page of the transcript where such instructions may be found." It is further true that this case should not be reversed on a procedural matter in the face of the record herein. (Art. VI, sec. 4½, of the Constitution.)

The defendants next contend that the court erred in giving certain instructions upon the subject of conspiracy. They rely upon *People* v. *Keyes*, 103 Cal. App. 624 [284 Pac. 1096], a bribery case wherein, among other things, it is said: "That being true, there is in such case no room for the operation of a charge of conspiracy." Nevertheless, it is true, as stated in the same case, "that a set of defendants may conspire to give or a set of defendants may conspire to receive or accept a bribe". There is in the record evidence of facts and circumstances which justify instructions on the law of conspiracy.

The defendant Savage next contends that the court erred in refusing to give certain instructions requested by him, in substance to the effect that if they found Savage was the agent of the witnesses Rokes and Weitzel in bribing any other police officer it was the duty of the jury to acquit appellant Savage of the charge of asking, receiving or agreeing to receive a bribe. In this contention he relies upon *People* v. *Davis*, 210 Cal. 540, at page 557 [293 Pac. 32], but that very case contains the following language: "However, when the bribe is accomplished through the medium of an agent,

or go-between, or intermediary, the mere fact that the evidence is conclusive that such emissary is the agent or accomplice of one of the parties does not necessarily determine that such emissary is not likewise the agent or accomplice of the other party to the transaction. We can see no impossibility, legal or otherwise, in a person acting as the agent or accomplice of both the bribe giver and the bribe receiver.'' We see no merit here.

The defendants next contend that the court erred in denying their motion for a new trial based on the ground that the district attorney was guilty of prejudicial misconduct during the trial before the jury. In reading the record we observe no misconduct which would justify a reversal of the judgment.

At the time of the court's first recess an order was made ordering the jury into the custody of a matron bailiff. Until such time there had been no intimation that such an order would be made. Defendants thereupon moved for a mistrial and also made the request that if such motion should be denied that they be allowed to further question the jury upon this matter. This motion and request were denied, and the defendants contend that the ruling of the court was prejudicially erroneous. We see no merit in this contention.

As already stated, the jury returned a verdict of guilty against Acker ''with recommendation of clemency''. After the jury was polled, counsel demanded that the court inquire of the jury if their verdict as to Acker would be the same if they knew the recommendation of clemency had no place in the verdict and that the court upon the charge of bribery of a police officer cannot grant or extend clemency. Defendant Acker relies upon Penal Code, section 1161, which reads in part as follows: ''When there is a verdict of conviction, in which it appears to the court that the jury have mistaken the law, the court may explain the reason for that opinion and direct the jury to reconsider their verdict . . . '' There is nothing in the verdict to indicate that the jury had mistaken the law. The recommendation of clemency will probably be valuable to the defendant when and if he makes application for parole. There is no merit in this point.

The order and judgment appealed from are affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 27, 1936.