[Crim. No. 4190.   First Dist., Div. Three.   Apr. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MARY ANN LEWIS et al., Defendants and Appellants.

Phillip M. Millspaugh for Defendants and Appellants.

Stanley Mosk, Attorney General, John S. McInerny, Robert R. Grannucci and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellants were convicted of conspiracy to commit prostitution. Convicted with them, of conspiracy to commit prostitution and to keep a house of ill fame, were Maudria Lewis and William E. Jackson, who appealed originally but have dismissed their appeals, having served their sentences and not being interested in pursuing appellate procedures.

An informant, paid by the county, met defendant Jackson in a bar and was invited to telephone at any time he wanted a girl. Jackson gave telephone numbers and an address. The sheriff's office was given this information. Deputies borrowed three Marines from their commanding officer to

act as decoys, supplied them with marked money, and one of them with a miniature radio transmitter. The informant telephoned the number given by Jackson, told the woman answering he had three Marines, and they went to the given address. The informant there asked Maudria Lewis for girls, and was assured they would come. Maudria Lewis telephoned a few numbers. Shortly, Jackson and three women, appellants, arrived one by one, and the informant, in the presence of appellants Wilson and Lee, spoke with Jackson about price. Two of the Marines retired to bedrooms with appellants Gladys Lee and Mary Ann Lewis, and brief haggling about prices ensued in each room. There were not other bedrooms, and Fannie Lee Wilson remained in the living room with the third Marine, saying to him that they would have to wait until the others came out. Most of this talk was transmitted by radio to sheriff's deputies outside, who thereupon knocked on the door and were admitted by the informant. The three women who had come to the house testified that they had come for innocent purposes: one, to watch television; another, for a visit; the third, to borrow food. Maudria Lewis had pocketed two $5.00 bills which one of the Marines had put on a headboard at appellant's Lee's direction. These were marked bills which had been given to the Marine.

Appellants' contentions are: (1) that the evidence fails to show a conspiracy; (2) that the court erred in refusing an instruction on entrapment; and (3) that there was an illegal search of the premises.

As to the first of these: the evidence of conspiracy between each of the women who came to the house on the one side and Maudria Lewis and William E. Jackson on the other is ample. ■■■ Appellants argue that there cannot be conspiracy to commit prostitution because the substantive offense requires action by two persons, citing *People* v. *Keyes,* 103 Cal. App. 624 [284 P. 1096], wherein it was held, at page 646, that there cannot be a separate crime of conspiracy between a person giving the bribe and one receiving it, because the crime requires the action of the two. In the case of a substantive crime which requires two actors, there may, nevertheless, exist a conspiracy where one of the actors joins with third persons on his side of the transaction, as appellants did here in their criminal association with the keepers of the house. (*People* v. *Keyes, supra,* at p. 646; *People* v. *Savage,* 15 Cal.App.2d 72, 75 [59 P.2d 190].)

Instruction on entrapment was unnecessary. There was not

the slightest demurrer by appellants or the keepers to the decoys' suggestion. ██ ██ Where a defendant has a preexisting criminal intent, the fact that when solicited by a decoy he commits a crime does not show entrapment, and where there is a complete absence of any evidence of an unlawful entrapment, no instruction on the subject need be given. (*People* v. *Malotte,* 46 Cal.2d 59, 65 [292 P.2d 517].)

██ As to the third point, there was almost no evidence produced by search of the premises, except two $5.00 bills which Maudria Lewis had taken. The sheriff's deputies had auditory perception, by radio, of the commission of at least the misdemeanor of soliciting or engaging in an act of prostitution (Pen. Code, § 647, subd. (b) ), and therefore a crime was being committed in their presence, which justified the entry, search and arrest. (*People* v. *Burgess,* 170 Cal.App. 2d 36 [338 P.2d 524].)

Judgment affirmed. Appeal from order denying defendants' motion for new trial dismissed.

Draper, P. J., and Salsman, J., concurred.